CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 30 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSEPH DANIEL LAFFERTY, )<br>Plaintiff, ) | Civil Action No. 7:06-cv-00700 |
| v. ) | **MEMORANDUM OPINION** |
| JAMES D. DORTON, et. al., )<br>Defendant(s). ) | By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff Joseph Daniel Lafferty, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Lafferty alleges that officials at the Roanoke County Jail ignored his verbal threat to kill himself and soon thereafter, he attempted suicide. He seeks compensatory damages to cover the resulting hospital costs. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

I.

Lafferty alleges the following sequence of events from which his claims arise. In June 2006, Lafferty told Roanoke County Jail ("jail") Officer Herion, "I'm going to kill myself if you don't get me out of this tiny cell." Herion relayed this information to Sgt. Salser, who came to see Lafferty. When Lafferty repeated his statement to Salser, the sergeant told him that he was "full of shit" and that he was not going to do anything in response to the threat. Thereafter, Lafferty attempted suicide and as a result, had to be transported to the hospital. He does not offer any details about how he tried to kill himself or specifically what injuries he inflicted upon himself.

Lafferty also claims that officers at the jail have treated him more harshly than they should have, given the fact that he was charged with and convicted of a petty crime. He complains that officers shake down his cell frequently, have assigned him to a cell by himself for eleven months,

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

have made verbal threats against him, have left him sitting in handcuffs and shackles for twenty minutes with other cuffed and shackled inmates, and have escorted him in handcuffs and shackles through areas where other inmates were present. Lafferty's allegations do not clearly indicate whether he was a pretrial detainee or a convicted felon at the time of the events about which he complains.

II.

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Claims concerning confinement conditions imposed upon pretrial detainees are to be evaluated under the Due Process Clause, rather than under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535-538 (1979). Due process proscribes punishment of a detainee before proper adjudication of guilt has been accomplished. Id. Even harsh and uncomfortable prison conditions cannot be considered punishment, however, so long as they are rationally connected to a legitimate, nonpunitive, penological purpose and are not excessive in relation to that purpose. Id. As a practical matter, the contours of pretrial detainees' rights under the Due Process Clause are coextensive with the Eighth Amendment protections applicable to convicted inmates. See Riley v. Dorton, 115 F.3d 1159, 1166-67 (4th Cir. 1997)(excessive force); Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992)(medical needs).

To state an Eighth Amendment claim regarding prison conditions or denial of medical treatment, the inmate must demonstrate that officers were deliberately indifferent to a serious risk of harm. Farmer v. Brennan, 511 U.S. 825, 842 (1994); Estelle v. Gamble, 429 U.S. 97 (1976). Liability for deliberate indifference requires two showings: (a) that the official in question subjectively recognized a substantial risk of harm and (b) that the official in question subjectively recognized that his actions were "inappropriate in light of that risk." Parrish v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004). The plaintiff must allege facts from which a factfinder may conclude that

2

the official's response to a perceived risk was so patently inadequate as to justify an inference that the official actually recognized that his response to the risk was inappropriate under the circumstances. Id.

"Not every push or shove" violates a person's constitutional rights, Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973). To state a claim of deliberate indifference to dangerous prison conditions, plaintiff must demonstrate that he suffered serious or significant injury. Strickler v. Waters, 989 F.2d 1375 (4th Cir. 1993). A guard's verbal harassment or idle threats to an inmate, even if they cause an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest. Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991); Keyes v. City of Albany, 594 F. Supp. 1147 (N. D. N.Y. 1984)("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a §1983 claim.").

Prison officials must respond reasonably to alleviate known risks that a prisoner will suffer serious harm if he does not receive medical treatment. Farmer, 511 U.S. at 842. But see Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998) (finding that because evidence did not show that doctors knew about inmate's pituitary gland tumor, failure to diagnose and treat it did not state Eighth Amendment claim even though inmate ultimately went blind). The constitution does not, however, require jail officials to screen pretrial detainees for suicidal tendencies without objective evidence of a serious psychiatric need for mental health treatment or protection from self-harm. Belcher v. Oliver, 898 F.2d 32, 34 (4th Cir. 1990).

III.

The court concludes that under these principles, Lafferty's allegations fail to state any claim actionable under § 1983 related to prison conditions. First, he fails to allege facts indicating that jail officers responded unreasonably to his stated intent to kill himself if he did not get a bigger cell. Nothing in his § 1938 complaint indicates that he had requested mental health treatment, that he had exhibited symptoms indicative of serious mental health problems that required medical attention, or that he had told officers of previous, suicidal thoughts. Thus, his threat was reasonably interpreted

3

as an attempt to extort officers into moving him to a more desirable location in the jail and not as a sign that he needed psychiatric help. As Lafferty fails to demonstrate that officers knew their response to his threat was inadequate or that he was at any significant risk of harm if they failed to take alternative action, he fails to state a claim that their actions violated his constitutional rights, whether he was a pretrial detainee or a convicted felon at the time.

Second, Lafferty fails to allege facts stating any claim that the conditions at the jail have violated his constitutional rights. He does not allege suffering any actual or potential harm whatsoever caused by being cuffed and shackled for short periods in the presence of other inmates, by being housed in a small, one-man cell for several months, or by any of the other alleged misdeeds of the defendants. The alleged verbal threats that prison officials made against Lafferty are not sufficient to give rise to any constitutional claim. The only injuries Lafferty mentions were admittedly self-inflicted. Moreover, in response to those injuries, prison officials ensured that Lafferty received prompt medical attention. Because Lafferty fails to demonstrate deliberate indifference to any significant, known risk of harm, he fails to state any claim regarding jail conditions.

Third, Lafferty complains at length that officers have not responded to his attempts to pursue administrative remedies regarding the concerns raised in this case. Inmates do not have a constitutionally protected right to a grievance procedure. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Because a state grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the state's grievance procedure is not actionable under §1983. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Because Lafferty has no constitutionally protected right to pursue prison grievance procedures, defendants' alleged interference with Lafferty's attempts to pursue grievance remedies do not state any claim actionable under § 1983.

IV.

For the stated reasons, the court finds that plaintiff's entire complaint must be summarily dismissed, pursuant to §1915A(b)(1), for failure to state a claim. An appropriate order shall be entered this day. The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 30th day of November, 2006.

/s/ James C. Turk
Senior United States District Judge

5